ACOSTA ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 476.—Decided January 13, 1921.

RECORD OF TITLE—COMPROMISE—PROPERTY OF MINORS.—Although section 1712 of the Civil Code was not repealed by Act No. 33 of 1911, yet the said act makes it still clearer that parents of unemancipated minors have no authority to sell their property without the consent of the court, whatever may be its value, although the sale may have been made in pursuit of a compromise.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellants.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

From the deed in this case it appears that certain minors owed debts to Hipólita Díaz Ruíz and to pay the same their mother sold a piece of land to said Hipólita Díaz Ruíz, it being alleged that the said land was worth less than $500, the mother relying on section 1712 of the Civil Code. The registrar of Arecibo refused to record the sale because the said mother had not obtained the authority of the court as provided in section 229 of the Civil Code as amended by Act No. 33 of 1911 and the decision of this court in *Del Rosario* v. *Rucabado*, 23 P. R. R. 438.

The appellants maintain that when the amount is less than $500 the father or, in a proper case, the mother has always a right to compromise. The registrar, however, maintains that section 1712 was repealed by Act No. 33 of 1911. The act amending section 229 of the Civil Code reads:

"The exercise of the *'patria potestas'* does not authorize the father nor the mother to alienate or lay any encumbrance upon real property of any class whatever or upon personal property, the value of which exceeds five hundred dollars."

We do not quite agree with the registrar that section 1712 has been repealed where compromises are concerned, but we do agree with him that the said new law prohibits any alienation of real estate where minors are concerned, whether it is in pursuit of a compromise or not. We are inclined to believe, too, that the registrar is right when he says in his brief that the thing attempted to be done here was not really a compromise, but was a sale. In outward form it was necessarily a sale and as section 1712 did not distinctly give the parents a right to make sales, we do not think that they ever had a right to alienate real estate without the consent of the court. We doubt, too, with the reg-

istrar, whether the act attempted to be performed by the mother here complied with the necessities of a legal compromise.

The note appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.